UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-	Case No. 8:09-cr-443-T-24 AEP

BILLY JACK COURTRIGHT

_____/

**ORDER**

This cause comes before the Court on two motions: (1) Defendant Courtright's Motion to Declare 21 U.S.C. § 841(b)(1)(C) Unconstitutional (Doc. No. 47), which the Government opposes (Doc. No. 63); and (2) Defendant Courtright's Motion to Dismiss Count One and Two of the Indictment for Failure to State an Offense (Doc. No. 46), which the Government opposes (Doc. No. 64). As explained below, these motions are denied.

**I. Background**

In Counts One and Two of the Indictment, Defendant Courtright is charged with conspiracy to possess with intent to distribute, as well as actually distributing, oxycodone and cocaine, the use of which resulted in the death of Nicholas Block. (Doc. No. 13). Under 21 U.S.C. § 841(b)(1)(C), the maximum penalty for distributing and/or conspiring to distribute oxycodone or cocaine is twenty years imprisonment, unless death or serious bodily injury results from the use of the oxycodone or cocaine. When use of the oxycodone and/or cocaine results in death, the statutory penalty is enhanced to a minimum mandatory sentence of twenty years imprisonment and a maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(C).

**II. Motion to Declare § 841(b)(1)(C) Unconstitutional**

In his motion to declare § 841(b)(1)(C) unconstitutional, Defendant makes the following two arguments: (1) it would violate Apprendi[1] and Blakely[2] if the Court found by a

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

[2] Blakely v. Washington, 542 U.S. 296 (2004).

preponderance of the evidence that Defendant's conduct resulted in the death of Block and then sentenced Defendant to more than twenty years imprisonment; and (2) section 841(b)(1)(C) is unconstitutionally vague, because it does not expressly state what causation must be shown before the enhanced penalty applies. These arguments have no merit.

### A. There are No Apprendi or Blakely Issues at This Time

Defendant argues that it would violate Apprendi and Blakely if the Court found by a preponderance of the evidence that his conduct resulted in the death of Block and then sentenced him to more than twenty years imprisonment. However, being *potentially* exposed to an enhanced sentence does not create an Apprendi issue. See U.S. v. Sanchez, 269 F.3d 1250, 1276 (11th Cir. 2001), abrogated in part, U.S. v. Duncan, 400 F.3d 1297, 1308 (11th Cir. 2005). This is because "Apprendi involves error in sentencing and necessarily looks retrospectively, rather than prospectively, at whether the criminal procedures that culminated in the actual sentence pass constitutional muster." Id. at 1280. Further, "there is no Apprendi error unless the 'actual' or 'ultimate' sentence imposed exceeds the statutory maximum." U.S. v. Taylor, 317 Fed. Appx. 944, 947 (11th Cir. 2009).

Accordingly, at this stage in the proceedings–prior to trial or a plea–Defendant cannot raise theoretical Apprendi and/or Blakely issues in an attempt to get dismissal of the indictment. Furthermore, if this case goes to trial, the Court can send a special interrogatory to the jury and get an advisory verdict from them as to whether the use of the cocaine and/or oxycodone caused Block's death.

### B. The Statute is Not Unconstitutionally Vague

Next, Defendant argues that § 841(b)(1)(C) is unconstitutionally vague, because it does not expressly state what causation must be shown before the enhanced penalty applies. This argument has no merit. Courts have found that proximate cause/foreseeability is not required to be proven and that the statute is not unconstitutionally vague. See U.S. v. Brubaker, 510 F. Supp.2d 506, 510 (D. Mont. 2007)(concluding that § 841(b)(1)(C) is not unconstitutionally

vague as applied to a defendant who sold drugs to someone who then sold the drugs to someone else who then used the drugs and died as a result); U.S. v. Marpoe, 153 Fed. Appx. 618, 619 (11th Cir. 2005)(rejecting the defendant's facial challenge to § 841 based on Apprendi); U.S. v. Patterson, 38 F.3d 139, 145 (4th Cir. 1994)(finding that § 841(b)(1)(C) does not impose a foreseeability requirement); U.S. v. Robinson, 167 F.3d 824, 831 (3d Cir. 1999)(pointing out that Congress intended for the enhanced penalty to apply without regard for common law proximate cause concepts); U.S. v. McIntosh, 236 F.3d 968, 972 (8th Cir. 2001)(stating that there is no requirement that the Government show that the death was foreseeable or proximately caused by the use of the drugs in order for the enhanced penalty to apply; the enhanced penalty applies whenever death is a consequence of the victim's use of the drugs); U.S. v. Soler, 275 F.3d 146, 153 (1st Cir. 2002)(stating that the enhanced penalty applies without any proof that the victim's death was reasonably foreseeable); U.S. v. Houston, 406 F.3d 1121, 1125 (9th Cir. 2005)(stating that if the victim's use of the drugs was the cause-in-fact of the victim's death, then the enhanced penalty applies).

### III. Motion to Dismiss Counts One and Two

In his motion to dismiss the indictment, Defendant makes the following two arguments: (1) the indictment fails to allege what facts the Government must prove in order to show that his conduct caused Block's death; and (2) the indictment does not allege the quantity of the drugs involved. These arguments have no merit.

#### A. Causation Allegations

Defendant argues that the indictment must be dismissed because it fails to allege what facts the Government must prove in order to show that his conduct caused Block's death. The Court rejects this argument.

"An indictment is sufficient 'if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any

subsequent prosecution for the same offense.'" U.S. v. Steele, 147 F.3d 1316, 1320 (11th Cir. 1998)(quoting U.S. v. Dabbs, 134 F.3d 1071, 1079 (11th Cir. 1998)). The indictment in this case satisfies these requirements, and the Government's allegation in the indictment that the use of the drugs resulted in Block's death is sufficient.

### B. Quantity of Drugs

Next, Defendant argues that the indictment must be dismissed because it does not allege the quantity of the drugs involved. This argument has no merit, and as such, it is not a basis for dismissal. See Sanchez, 269 F.3d at 1280 (stating that a defendant is not entitled to dismissal of a § 841 indictment that does not allege a specific drug quantity, because the amount of drugs only affects the permissible statutory maximum sentence).

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant Courtright's Motion to Declare 21 U.S.C. § 841(b)(1)(C) Unconstitutional (Doc. No. 47) is **DENIED**.

(2) Defendant Courtright's Motion to Dismiss Count One and Two of the Indictment for Failure to State an Offense (Doc. No. 46) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of April, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record